NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0334n.06
Filed: June 13, 2008

Case No. 07-1586

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| BRIAN PARKER, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| ROBERT CASSA, et al., | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |

BEFORE: MARTIN and BATCHELDER, Circuit Judges; JORDAN[*], District Judge.

ALICE M. BATCHELDER, Circuit Judge. Plaintiff-Appellant Brian Parker ("Parker")

is an inmate in the custody of the Michigan Department of Corrections and was, at the time of the

events giving rise to this action, under the supervision of Defendant-Appellant Robert Cassa

("Cassa"), a corrections officer at the Parnall Correctional Facility in Jackson, Michigan. Parker is

a diabetic and Cassa, who was responsible for monitoring Parker's food intake, had several times

witnessed Parker have diabetic reactions prior to the incident in question. After a meal on August

12, 2005, Cassa informed Parker that it was time to leave the dining hall. Finding Parker

unresponsive, Cassa radioed for help and then yelled at Parker and slammed his open palm on the

table near Parker in an attempt to elicit a response. Receiving minimal or no reaction, Cassa,

---

[*]The Honorable Leon Jordan, United States District Judge for the Eastern District of Tennessee, sitting by designation.

surmising that Parker was having a diabetic reaction and in need of immediate help, dragged Parker to the prison medical facility. It took Cassa about 90 seconds to get Parker to the medical facility, while the standard medical response might have taken as much as 15 minutes. Parker does not dispute that his blood-sugar level was elevated at the time of the incident. Furthermore, Parker failed to submit any admissible evidence that he suffered any injury as a result of Cassa's dragging him.

Parker filed this pro se 42 U.S.C. § 1983 action against Cassa alleging that Cassa violated his Eighth Amendment right to be free from cruel and unusual punishment. Both parties moved for summary judgment and Parker moved for entry of default, contempt, and sanctions. On March 30, 2007, the district court granted Cassa's motion for summary judgment. *See Parker v. Cassa*, No. 06-10564, 2007 U.S. Dist. LEXIS 23346 (E.D. Mich. March 30, 2007). Parker timely appealed that decision to this court.

After carefully reviewing the record, the law, and Parker's brief, we conclude that the district court's opinion correctly sets out the applicable law as established in *Hudson v. McMillian*, 503 U.S. 1 (1992), and correctly applies the law to the facts contained in the record. The issuance of a full written opinion by this court would serve no useful purpose. Accordingly, for the reasons stated in the district court's opinion, we **AFFIRM**.